### MISSISSIPPI MILLS *v.* COHN *et al.*

#### WOOD *et al. v.* SAME.

*(Circuit Court, W. D. Louisiana. July Term, 1889.)*

1. **COURTS—FEDERAL JURISDICTION—SUITS BY ASSIGNEES.**
   Complainants, as the assignees of a judgment obtained in the state court by a citizen of the same state as the defendant in the judgment, sue in equity proceeding, by way of a creditors' bill, to enforce said judgment against the insolvent debtor's property. *Held,* that the assignor could not have sued in original proceedings in this court, and that his assignees cannot do so, under the act of 1888.

2. **CREDITORS' BILL—ADEQUATE REMEDY AT LAW.**
   The allegations in the bill, and the evidence administered by complainants, show that the property which they seek to hold liable for their claims, other than that of the judgment mentioned, is the property, in law and in fact, of Cohn, their insolvent debtor; that title was taken in Mrs. Steinhardt's name for a fraudulent purpose, and Cohn's money paid for the property in question. *Held* that, if their allegations are true, they have an adequate remedy at law in an execution against the property, treating the sales to Mrs. Steinhardt as mere simulations; that no purpose is disclosed in the bill or evidence of complainants to present a cause for a revocatory action; that the pending suit is one in declaration of simulation, which involves title as between Cohn and Mrs. Steinhardt to the property sought to be subjected to Cohn's debts, and cannot be heard in equity.

*(Syllabus by the Court.)*

In Equity.
*W. G. Wyly* and *John T. Ludeling,* for complainants.
*C. J. Boatner* and *A. H. Leonard,* for defendants.

BOARMAN, J. These suits were consolidated for final hearing. Complainants are citizens, one of Mississippi, the other of Missouri. They are judgment creditors of S. Cohn, and are seeking in equity proceed-

ings, by way of a creditors' bill, to subject certain property which the/ allege belongs to Cohn, an insolvent, to the payment of his creditors. An exception applying to both suits was filed. The exception denies the jurisdiction of the court, because the cause presented in either of the bills cannot be heard in equity; that complainants have adequate remedy at law. This exception was overruled, at a previous term, with the understanding suggested by the court, in consequence of the ambiguities in the language of the bills, that the exception would be considered again when the causes came on for final hearing. At a later time, in the suit of Wood & Lee, an exception, applying only to that case, was filed by defendants, and assigned, by consent, to be disposed of in hearing the bill. In that exception is denied the jurisdiction of the court, whether in equity or at law, to hear or try that part of the bill which seeks to enforce the judgment assigned to complainant by Newman, a citizen of Louisiana. In this denial of jurisdiction, it is contended that the assignor could not have sued originally in this court to enforce his judgment, and for that reason his assignees cannot maintain this suit. The bill of Wood & Lee, in addition to their claim against Cohn for merchandise sold to him, shows that they own, hold, and sue on a judgment against Cohn, a citizen of Louisiana, for $24,000, which was assigned to them by Newman, a citizen of Louisiana. The bill and answer clearly submit to this court an issue of law and fact, made up between complainants and defendants, as to the legality of the said judgment, and as to their right, in equity proceedings, under the charges of the bill, to have certain property which they allege to be Cohn's subjected to the payment of the Newman judgment.

It is contended by complainants that the purpose and scope of these suits is to subject an insolvent debtor's property to the payment of his creditors, and the court has jurisdiction of this suit, originally instituted here, to decree that the insolvent Cohn's property should be subjected to the payment of the Newman judgment, assigned, as said judgment was, to complainants, as well as to any other judgments against Cohn. Under the proviso in the jurisdictional act of 1888, this contention is not well founded. The fact that the complainants are endeavoring to proceed against an insolvent in a creditors' bill does not enlarge the jurisdiction granted in the act. If Newman, a citizen of Louisiana, still held and owned the judgment, he could not enforce it in this court by original proceedings against Cohn, a citizen of the same state. It may be, as is contended for by complainants, if the Mississippi Mills should succeed in their purpose to have Cohn's property, which is the common pledge of his creditors, subjected, by final judgment, to the payment of his debts, that the owners of the Newman judgment would have ample remedy, in equity, to secure substantial recognition and enforcement of the judgment, against Cohn's property. But whatever may be the ultimate remedy of complainants as to this Newman judgment against Cohn, as beneficiaries in the effect of a decree subjecting and holding the insolvent Cohn's property for the payment of his creditors, it appears that complainants, the assignees of said judgment, are limited to such pro-

ceedings as the assignor, Newman, could have begun or maintained in this court; and for this reason Wood & Lee's suit, as it relates to the Newman judgment, should be dismissed. The other charges therein will be disposed of in passing upon the exception in Mississippi Mills case. In that case, as well as in the bill of Wood & Lee, it is alleged, that a certain judgment, and certain sales, transfers, etc., of property, had by defendants *inter sese* were fraudulent simulations. Quoting from the bill and brief of counsel for complainants, it appears that the adjudications of the brick store and lots to Mrs. Steinhardt was a mere sham, to give an apparent title to Mrs. Steinhardt, while the said Simon Cohn continues to be the real owner; "* * * that Mrs. Steinhardt never paid a dollar for said property, and that her pretended ownership is a simulation and fraud to shelter it from his creditors; * * * that all the sales to Mrs. Steinhardt were, in reality, purchased by Simon Cohn, and the price of each and every sale was paid with money of Cohn's, and said property should be declared Cohn's, and subjected to the payment of the judgments against him; * * * that the effect of said simulated and fraudulent acts has been to injure complainants, and to prevent execution of their said judgment against the property of S. Cohn; * * * that all property standing in Mrs. Steinhardt's name, and all business carried on by Cohn under her name, is in fact Cohn's property."

The allegations recited, show unmistakably that the property in question, though held in the name of Mrs. Steinhardt, is, in law and fact, the property of Cohn. They show, substantially, that the transfers and transactions by which the property was taken and held in the name of Mrs. Steinhardt were caused, had, and entered into between and by the defendants for the purpose of fraudulently screening it from Cohn's creditors; that it was not intended by any of the defendants that the ownership of the property should be vested in any one but Cohn, the notoriously insolvent debtor. Complainants conclude their allegations with the prayer that said sales, transfers, etc., be declared fraudulent simulations. They pray, further, that said property be declared to be the property of Cohn, and that it, in these proceedings, be subjected to the payment of his debts.

It will be observed that the bills in no way affect the vendors of Mrs. Steinhardt. So far as they are concerned, her title to the property conveyed by them is complete, and she is the real owner thereof. What effect this fact would have in a revocatory action, brought in equity, need not now be discussed. The argument of complainants, in illustrating their allegations, and the evidence administered by them to show the nature and history of the sales, etc., to Mrs. Steinhardt, treat and consider Mrs. Steinhardt, not as the real owner of the property which is subject, in equity and law, to their claims or judgments, but they treat and consider her as a person interposed fraudulently by Cohn between himself and the several vendors who sold to Mrs. Steinhardt for the purpose of holding Cohn's property in her name, so that it cannot be reached by his creditors. While treating and considering her as just stated, they never for a moment cease to urge that the property is, in

their belief, in law and in fact owned by Cohn. In illustrating their opinion, belief, and contention, they say that Mrs. Steinhardt knew of Cohn's fraudulent purposes; that the money paid her vendors was Cohn's money, and she never intended or expected to be or become the owner of the property by reason of such sales to her; that the property became at once the property of Cohn, and is now subject to his debtors' rights therein. The allegations, though not free from ambiguities, show that the Mississippi Mills suit and the Wood & Lee suit, so far as we are now considering the latter, do not present a suit in equity proceedings for the purpose of revoking or setting aside a real, though fraudulent, sale, as to certain creditors of Cohn, and to subject the property therein sold to the payment of the insolvent's debts. Such a cause would be known in our state law as a revocatory action. On the contrary, the bills show that these allegations show cause for an action in declaration of simulation. If it be true that Cohn, notwithstanding the said purchases, transfers, etc., were ostensibly made by Mrs. Steinhardt, and the title of record is in her name, is the real owner of the property now sought to be subjected to the payment of Cohn's debts, the complainants have a well-known and adequate remedy at law to make the property liable for their claims.

The issues made up by the pleadings and evidence involve, fundamentally, the title to, or the real ownership of, the property in question. The complainants charge that Cohn, in fact and law, is the owner thereof. The defendants deny his ownership, and contend that the sales were real sales to Mrs. Steinhardt. Such issues are not determinable in this court, in equity proceedings. The complainants' bill is ambiguous in its language, but the evidence submitted by them shows no purpose on their part to avail themselves of the equitable remedy to cause or have a real sale set aside, and have the property therein administered and sold in equity proceedings, for the benefit of an insolvent debtor's creditors; because, or for the reason, or on the ground, that such property is held, claimed, or owned by the real vendee thereof in such a way, and under such circumstances, as, in equity, should subject it to the payment of claims against Cohn. In the view and purpose of complainant's charges, Cohn now owns the property, and they have not presented, or sought to present, such an action as should be heard in equity, and it is ordered that their suit be dismissed.